In re: **INTERNATIONAL TOTAL SERVICES, INC., et al., Debtors and Debtors–in–Possession,**

**Robert A. Weitzel, Individually and as General Partner of The Weitzel Family Limited Partnership, Plaintiff–Appellant,**

v.

**H. Jeffrey Schwartz, J. Jeffrey Eakin and John P. O'Brien, Defendants–Appellees.**

**No. 03–5051–bk.**

United States Court of Appeals, Second Circuit.

Dec. 19, 2005.

Eric H. Zagrans, Womble Carlyie Sandridge & Rice, PLLC, Washington, DC, for Appellant.

Robert S. Saunders (Mark S. Chehi, of counsel), Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, DE, for Appellees.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

International Total Services, Inc. ("ITS"), a commercial aviation support services company, filed a petition pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (Conrad B. Duberstein, *Chief Judge* ) on September 13, 2001. Five days later, on September 18, 2001, plaintiff Robert A. Weitzel commenced this action in state court in Ohio, alleging that defendants, who were simultaneously directors of ITS and trustees of a trust that controlled shares of ITS beneficially owned by Weitzel and his family partnership, breached their fiduciary duties pursuant to the Voting Trust Agreement ("VTA") that created the trust. Defendants removed the action to the United States Bankruptcy Court for the Northern District of Ohio on October 4, 2001. Defendants then answered the complaint on October 12, 2001 and brought a motion, which was granted on October 17, 2001, to transfer the action to the United States Bankruptcy Court for the Eastern District of New York.

In the Bankruptcy Court for the Eastern District of New York, plaintiff filed an amended complaint containing allegations that defendants breached their fiduciary

duties by: failing to call shareholders' meetings or hold required shareholders' meetings; demanding releases as a prerequisite to voting the shares held in the voting trust; displaying hostility toward plaintiff, including by causing ITS to accuse him of committing perjury in another lawsuit and refusing to speak with him about ITS or provide him with information concerning the company; and allowing the value of the trust property to be diminished without taking effective action. In addition, the amended complaint alleged that defendant Schwartz had a conflict of interest in light of the fact that he was a partner of a law firm representing parties suing Weitzel in another litigation. Defendants moved to dismiss the amended complaint and argued that: the terms of the VTA exculpated defendants and permitted them to vote the shares of the trust in their sole discretion; plaintiff asserted derivative claims against defendants as directors of ITS and lacked standing to do so; and the amended complaint failed to state a claim for breach of fiduciary duty.

While defendants' motion to dismiss the amended complaint was pending, plaintiff filed a notice of voluntary dismissal of his claims pursuant to Federal Rule of Civil Procedure 41(a)(1). The Bankruptcy Court then held a hearing on defendants' motion to dismiss and granted it. The District Court affirmed the judgment of the Bankruptcy Court. *See In re: Robert A. Weitzel* (*Weitzel v. Schwartz*), 03–CV–0004, Order (E.D.N.Y. July 31, 2003). On appeal to this Court, plaintiff argues that the Bankruptcy Court erred in exercising jurisdiction over his action and in dismissing his claims with prejudice.

The VTA granted the trustees authority to vote the trust's ITS shares "in the manner determined by the Trustees in their sole discretion." Voting Trust Agreement dated November 17, 1999, at ¶ 14(a), Exhibit A to Pl.'s Verified Complaint.[1] The VTA also expressly provided that the trustees would not be "personally liable for any action or non-action in connection with the Trustees' exercise of any power conferred on the Trustees by this Agreement, unless it is determined ... to have resulted solely from their own gross negligence or willful malfeasance." *Id.* at ¶ 17 (last sentence). An agreement that limits the liability of voting trustees to instances of "willful malfeasance or gross negligence" is "intended to protect the Trustee[s] from liability resulting from merely negligent performance of [their] duties as trustee[s], such as the ill-advised voting of shares." *Vincel v. White Motor Corp.*, 521 F.2d 1113, 1121 (2d Cir.1975); *see also* Ohio Rev.Code Ann. § 1701.49(D) (providing that a voting trust may "include ... provisions ... limiting ... the liability of[ ] the trustees").

We agree with the Bankruptcy Court insofar as it agreed with defendants' contention that plaintiff has failed to allege breach of fiduciary duty with respect to any action or inaction that defendants took in their capacities as voting trustees that rises to the level of gross negligence or willful malfeasance. Furthermore, we conclude that the Bankruptcy Court did not err in exercising jurisdiction over the action, which was "related to" the ITS bankruptcy within the meaning of 28 U.S.C. § 1334(b). *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir.1992) (a case falls within the "related to" jurisdiction if "its outcome might have any 'conceivable effect' on the bankrupt estate"). We need not consider plaintiff's argument

---

1. The Voting Trust Agreement was appended to the amended complaint and is therefore properly considered in connection with defendants' motion to dismiss the amended complaint. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir.2004).

**52**

that the Bankruptcy Court should have abstained from exercising jurisdiction pursuant to 28 U.S.C. § 1334(c)(2), as that argument was not presented to the District Court on appeal and was thereby waived. *See In re Cuyahoga Equip. Corp.*, 980 F.2d at 117–18. Moreover, we find no fault with the District Court's refusal to honor plaintiff's attempt to dismiss the action without prejudice unilaterally pursuant to Federal Rule of Civil Procedure 41(a)(1), as defendants had already answered the original version of plaintiff's complaint. *See* Fed.R.Civ.P. 41(a)(1)(i) (plaintiff may dismiss action as of right "at any time before service by the adverse party of an answer").

We have considered all of plaintiff's claims on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.